UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-01562-MEMF-DTB                             Date: April 13, 2026

Title   *Daniel Lomeli-Rodriguez et al v. Markwayne Mullin et al*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) Order GRANTING Petitioner's Petition For Temporary Restraining Order [Dkt. No. 2]**

Before this Court is Petitioner Daniel Lomeli-Rodriguez's Petition for Temporary Restraining Order. Dkt. No. 2 ("Motion"). For the reasons below, the Motion is GRANTED.

**Factual Background[1]**

Petitioner Daniel Lomeli-Rodriguez is a forty-two-year-old, who has lived in the United States since 2004. Dkt. No. 1 ¶¶ 1-2 ("Petition"). He is engaged to a United States citizen and is the father of three U.S. citizens. *Id.* ¶ 1. Petitioner was detained by United States Immigration and Customs Enforcement ("ICE") on March 13, 2026, while he was attending a court hearing for the dismissal of an offense pursuant to California Penal Code Section 1385. *Id.* He was subsequently transferred to the San Bernardino Sub Office and then taken into detention at Adelanto Detention Facility, where he remains detained since. *Id.*

**Procedural Background**

On March 31, 2026, Petitioner filed his Petition for Writ of Habeas Corpus seeking immediate release or a bond hearing within seven (7) days. *See* Petition. It states three claims, all based upon the unlawful denial of a bond hearing: (1) violation of 8 U.S.C. § 1226(a); (2) violation of due process under the Fifth Amendment; and (3) violation of the Administrative Procedure Act. *See id.*

On the same day, Petitioner filed the instant Motion. *See* Motion. This Court issued an order maintaining its jurisdiction by preventing Petitioner's transfer outside of this District, Dkt. No. 5,

---

[1] The factual background discussed herein is derived from Petitioner's Writ of Habeas Corpus. Dkt. No. 1. This is intended only as background. This Order makes no finding as to the truth of Petitioner's allegations.

CV-90 (03/15)                           Civil Minutes – General                           Page **1** of **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:26-cv-01562-MEMF-DTB                                        Date: April 13, 2026

Title    *Daniel Lomeli-Rodriguez et al v. Markwayne Mullin et al*

and set a briefing schedule, Dkt. No. 4. Respondents filed an Opposition on April 3, 2026. Dkt. No. 7 ("Opposition"). Petitioner did not file a Reply. The Motion is therefore fully briefed. The Court determines this matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**Discussion**

      *1. Petitioner is entitled to a bond hearing.*

The parties appear to agree that Petitioner is entitled to a bond hearing. Respondents concede Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*. Opposition at 2. Consistent with the final judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing. *See Bautista v. Santacruz*, No. 25-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Indeed, Respondents effectively admit that Petitioner has been held without an individualized bond hearing—to which Petitioner is entitled—since his detention in March.

Respondents' Opposition does not address the *Winter* factors governing preliminary injunctive relief, so Respondents have arguably conceded that the factors weigh in favor of Petitioner. And, in any event, this Court understands Respondents' concession—that Petitioner is a Bond Eligible Class member and is therefore entitled to a bond hearing—to suggest that Petitioner will likely prevail on his claims.[2]

      *2. Release from detention is the appropriate relief.*

---

[2] Even if Respondents had contested the other *Winter* factors, this Court would find that they weigh in favor of granting Petitioner's request for injunctive relief.

As to the second factor, Petitioner has "established a likelihood of irreparable harm by virtue of the fact that [he is] likely to be unconstitutionally detained for an indeterminate period of time." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).

And the third and fourth factors "merge" when the nonmovant is a governmental entity. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). And "[p]ublic interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-01562-MEMF-DTB                                     Date: April 13, 2026

Title      _Daniel Lomeli-Rodriguez et al v. Markwayne Mullin et al_

Respondents filed their Opposition on April 3, 2026. *See* Opposition. It appears, therefore, that the Government has been aware since at least that date that Petitioner is entitled to an individualized bond hearing, yet has failed to provide one. It does not appear that Respondents have any plans to offer him one absent an order from this Court. *See* Opposition at 2 ("To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days."). And to the extent that Respondents need seven days to offer Petitioner a bond hearing, that time period has elapsed.

Respondents' sole argument in Opposition is that, at most, this Court should order Respondents to give Petitioner the bond hearing to which he is entitled—but not release him. *See* Opposition at 2. This Court is unconvinced. To the contrary, a release order is clearly the appropriate relief.[3] *See* Petition, Prayer for Relief.

First, Petitioner's prompt release is the remedy that will best return Petitioner to the status quo as it was prior to his detention. The purpose of a temporary restraining order is "to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11A Wright & Miller's Federal Practice & Procedure § 2951 (3d ed.). Though the Ninth Circuit has not opined on the matter of scope of preliminary relief in this specific context, other courts in this Circuit have taken a similar approach. *See, e.g.*, *F.M.V. v. Wofford*, No. 25-1381, 2025 WL 3083934, at *7 (E.D. Cal. Nov. 4, 2025) (collecting cases).

Second, in any event, this Court's Orders *infra* allow the Government to remedy the procedural deficiency at issue. This Court's resolution of this Motion—to order Respondents to release Petitioner from custody and not re-detain him absent compliance with his due process rights or compliance with the *Bautista* holding—in effect permits the Government to follow the appropriate steps to reattempt Petitioner's detention.

For these reasons, this Court will order Respondents—if they have not already given Petitioner a bond hearing—to release him.

**Conclusion**

This Court orders as follows.

1.  Within forty-eight hours, Respondents are ordered to <u>either</u>:

---

[3] The Court notes that while the Petition explicitly seeks immediate release, the Motion focuses on preventing transfer outside the district. It appears, however, the Respondents understand that Petitioner is seeking immediate release via the Motion. *See* Oppo. at 2 ("While Petitioner seeks immediate release . . . ."). Accordingly, the Court construes the Motion as incorporating the Petition's request for immediate release.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   5:26-cv-01562-MEMF-DTB                    Date: April 13, 2026

Title   *Daniel Lomeli-Rodriguez et al v. Markwayne Mullin et al*

    a. file a status report, accompanied by a sworn declaration, confirming that Petitioner received an individualized bond hearing prior to this Order, <u>or</u>

    b. release Petitioner from custody and return to him his personal belongings,[4] and refrain from re-detaining him absent compliance with his rights as a member of the *Bautista* Bond Eligible Class.

2. Respondents shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing;[5]

3. Respondents are enjoined from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

4. The parties must file a joint status report regarding Respondents' compliance with this Order by Thursday, April 9, 2026.

5. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.


IT IS SO ORDERED.


                                                           :

**Initials of Preparer**             DBE

---

[4] This Court understands, based on Respondents' representations from hearings in similar immigration habeas cases, that Respondents believe that forty-eight hours is a reasonable amount of time to effectuate release. In addition, the Court notes that the deadline for release is nearly seven days from the date that Respondents acknowledged Petitioner is entitled to a bond hearing.

[5] Restraints not shared by members of the public render an individual in custody within the meaning of 28 U.S.C. § 2241. *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (holding that a person is in custody if the person "is subject to restraints 'not shared by the public generally'" and the person's "freedom of movement rests in the hands of state judicial officers"); *Jones v. Cunningham*, 371 U.S. 236, 238–39 (1963) ("[The] chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail. Yet English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement . . . ."). So release restrictions, such as electronic monitoring, constitute liberty constraints that do not afford Petitioner complete relief.